﻿Citation Nr: 19172640
Decision Date: 09/19/19 Archive Date: 09/18/19

DOCKET NO. 16-23 301
DATE: September 19, 2019

REMANDED

Entitlement to service connection for a lumbar spine disability is remanded.

Entitlement to service connection for a right knee disability is remanded.

Entitlement to service connection for a left shoulder disability is remanded.

REASONS FOR REMAND

The Veteran served active duty in the U.S. Navy from August 2007 to August 2011.

This case comes before the Board on appeal of a May 2015 rating decision.

Although the Board regrets the additional delay, a remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the Veteran’s claim so that he is afforded every possible consideration. 38 U.S.C. § 5103A (2012); 38 C.F.R. § 3.159 (2018).

1. Entitlement to service connection for a lumbar spine disability is remanded.

Here, the Veteran contends that his lumbar spine disability was caused by an in-service injury. Based on the evidence, remand is necessary to obtain a medical examination and opinion.

At the outset, the Veteran has a current diagnosis of lumbar stenosis with degenerative joint disease (DJD). See June 2016 private treatment record. In terms of an in-service injury, the Veteran reported he spent thirteen months as coxswain during his one-year tour in Bahrain in 2010. He explained that the design of the boat did not allow for him to stand, thus the impact of the pounding waves was absorbed by his back, which led to his back pain. See June 2015 statement. However, the Veteran’s service treatment record (STRs) are silent for any complaints, treatment, or a diagnosis of a back condition. See STRs. To that, the Veteran explained that he was stubborn during his 2011 separation examination and informed the doctor that he did not have any injuries that were noteworthy. Even more, the Veteran has remained consistent concerning the onset of his back condition. See September 2014 private examination. 

Importantly, the Veteran is competent to establish the presence of observable symptomatology, which may provide sufficient support for a claim of service connection. Barr v. Nicholson, 21 Vet. App. 303 (2007); see also 38 C.F.R. § 3.159 (a)(2). As such, given the Veteran’s current diagnosis and in-service incurrence, nexus evidence is needed to assist the Board in adjudicating the claim.

As delineated in 38 C.F.R. § 3.159 (c)(4), a VA examination to address the question of etiology as related to service is required when the Veteran presents a claim for service connection in which there was a pertinent event, injury, or disease in service; there is evidence of current disability; the medical evidence of record does not contain sufficient competent medical evidence to decide the claim; and the Veteran indicates that the claimed disability or symptoms may be associated with service. McLendon v. Nicholson, 20 Vet. App. 79 (2006).

Accordingly, a remand to determine the nature and etiology of the Veteran’s lumbar spine disability is warranted.

2. Entitlement to service connection for a right knee disability is remanded.

Here, the Veteran contends that his right knee disability was incurred during service. However, nexus evidence is required before the Board can adjudicate this claim.

To begin, the Veteran has a current diagnosis of a right knee medial meniscal injury. See September 2014 private knee examination. Regarding onset, the Veteran reported that he was injured during a run in BUD/s training in 2008. He explained that he was unable to see a pothole and after he stepped in it, he heard a loud “pop” and pain shot up his right leg. He stated that he hobbled but continued running and iced his knee as discreetly as possible. June 2015 Statement. 

Again, the Veteran’s STRs are silent for any complaints, treatment, or a diagnosis of a right knee injury; however, the Veteran has maintained that his desire to become a Navy Seal overrode his need to disclose any injuries he received during training. Moreover, as discussed above, the Veteran is competent to report on lay observable symptomatology even in the absence of contemporaneous medical evidence. See Layno v. Brown, 6 Vet. App. 465, 470 (1994) (a Veteran is competent to report on that of which he or she has personal knowledge); see also Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006).

Therefore, as delineated in 38 C.F.R. § 3.159 (c)(4), a VA examination to address the question of etiology as related to service is required when the Veteran presents a claim for service connection in which there was a pertinent event, injury, or disease in service; there is evidence of current disability; the medical evidence of record does not contain sufficient competent medical evidence to decide the claim; and the Veteran indicates that the claimed disability or symptoms may be associated with service. McLendon v. Nicholson, 20 Vet. App. 79 (2006).

Accordingly, a remand to determine the nature and etiology of the Veteran’s right knee disability is warranted.

3. Entitlement to service connection for a left shoulder disability is remanded.

Similar to the claims discussed above, the Veteran contends that his left shoulder disability was incurred during service; however, there is inadequate medical evidence for the Board to render a decision.

Specifically, the Veteran reported that he injured his left shoulder while training in January 2008. He explained that he was injured to the point that he could not lift his arm and remembered the precisely because he was forced to voluntarily drop from the training program BUD/s. He explained that a fellow trainee fell on top of him as he was in leaning rest about to perform push-ups. He noted that he heard a “pop” and felt a sharp pain on the outside of his left shoulder. To ensure that he could return to the BUD/s program, the Veteran voluntarily dropped, in the hope of returning. 

The Board notes that the Veteran has current diagnosis of left shoulder rotator cuff tendonitis. See September 2014 private examination. However, the Veteran’s STRs are silent for any complaints, treatment, or a diagnosis of a left shoulder condition. Still, as the Veteran explained he did not report his injuries due to his desire to return to the BUD/s program. Additionally, the Veteran’s statements are competent lay evidence regarding the onset of his left shoulder disability. See Layno, 6 Vet. App. at 470.

Therefore, as delineated in 38 C.F.R. § 3.159 (c)(4), a VA examination to address the question of etiology as related to service is required when the Veteran presents a claim for service connection in which there was a pertinent event, injury, or disease in service; there is evidence of current disability; the medical evidence of record does not contain sufficient competent medical evidence to decide the claim; and the Veteran indicates that the claimed disability or symptoms may be associated with service. McLendon v. Nicholson, 20 Vet. App. 79 (2006).

Accordingly, a remand to determine the nature and etiology of the Veteran’s left shoulder disability is warranted.

The matters are REMANDED for the following action:

1. Obtain all relevant outstanding VA treatment records, and any private treatment records identified by the Veteran. All records and/or responses received should be associated with the claims file.

2. After all outstanding treatment records have been associated with the claims file, schedule the Veteran for a VA examination to determine the etiology of his lumbar spine disability, right knee disability, and left shoulder disability. A copy of this REMAND must also be provided to the VA examiner. All necessary tests and studies should be accomplished, and all clinical findings reported in detail.

The VA examiner should address the following:

(a.) Whether it is at least as likely as not (i.e., a 50 percent or greater probability) that the Veteran’s lumbar spine disability had its onset during service or is otherwise causally related to any event or circumstance of the Veteran’s service.

(b.) Whether it is at least as likely as not (i.e., a 50 percent or greater probability) that the Veteran’s right knee disability had its onset during service or is otherwise causally related to any event or circumstance of the Veteran’s service.

(c.) Whether it is at least as likely as not (i.e., a 50 percent or greater probability) that the Veteran’s left shoulder disability had its onset during service or is otherwise causally related to any event or circumstance of the Veteran’s service.

The examiner is reminded that the term “as likely as not” does not mean “within the realm of medical possibility,” but rather that the evidence of record is so evenly divided that, in the examiner’s expert opinion, it is as medically sound to find in favor of the proposition as against it.

3. The examiner should cite to the pertinent medical and competent lay evidence of record and explain the rationale for all opinions given. If after consideration of all pertinent factors it remains that the opinion sought cannot be given without resort to speculation, it should be so stated, and the provider must (to comply with governing legal guidelines) explain why the opinion sought cannot be offered without resort to speculation.

4. After undertaking any additional development deemed necessary, the AOJ must readjudicate the claims on appeal. If any claims remain denied, the Veteran and his representative should be furnished a supplemental statement of the case and afforded the requisite opportunity to respond before the case is returned to the Board.

 

 

KRISTI L. GUNN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board I. Umo, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.